Kenneth J. Peace, Esq. -- 018556
Deborah M. Miller, Esq. -- 009512
BRAUN SILER KRUZEL PC
14811 North Kierland Boulevard, Suite 500
Scottsdale, Arizona  85254
480.951.8044
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| THE HELEN ANN HAMILTON REVOCABLE TRUST, u/a/d February 2, 2007,<br><br>Plaintiff,<br><br>v.<br><br>STEVE GEPPI and JANE DOE GEPPI, husband and wife; DIAMOND INTERNATIONAL GALLERIES, LLC, a foreign Limited Liability Company; John Does and Jane Does I–X; ABC Partnerships I-X; ABC Limited Liability Companies I-X; and XYZ Business Entities I–X,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(Breach of Contract)** |

Helen Ann Hamilton, as trustee of The Helen Ann Hamilton Revocable Trust, created under Declaration of Trust dated February 2, 2007 (hereinafter, **the Trust** or **Plaintiff**) through undersigned counsel, for its Complaint against the Defendants alleges and states as follows:

**THE PARTIES**

1. The Trust is a revocable trust agreement created under, and governed by, the laws of the State of Arizona and is the assignee of the right to bring this cause of action.

2. Helen Ann Hamilton, a resident of Yavapai County, Arizona and the trustor and trustee of the Trust, assigned the right to bring this cause of action to Plaintiff. The principal place of administration of the Trust is in the State of

Arizona pursuant to A.R.S. §14-10108(A)(1).

3. Steve Geppi and Jane Doe Geppi (hereinafter **Geppi**, individually, and **the Geppis**, collectively) are husband and wife and are residents of the State of Maryland. The Geppis incurred the obligation referred to herein individually, for the benefit of their marital community, and on behalf of Diamond International Galleries, LLC.

4. Diamond International Galleries, LLC is a limited liability company existing under the laws of the State of Maryland.

5. Defendants Jane Doe Geppi, John Does and Jane Does I-X, ABC Partnerships I-X, ABC Limited Liability Companies I-X, and XYZ Business Entities I-X are fictitious names designating an individual, individuals or legal entities whose full identity is not yet know but who have acted in concert with the named Defendant and caused events to occur in the State of Arizona, County of Yavapai, whose true names Plaintiff may insert when identified as if correctly named originally.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over this matter under 28 U.S.C. §1332 – Diversity of Citizenship. The Parties reside in different states and the amount in dispute exceeds $75,000.

7. Venue is proper in United State District Court, District of Arizona, because the Purchase and Sale Agreement that forms the basis of the claims against the Defendants, was entered into in the State of Arizona and is to be governed by Arizona law. Also, the place of administration of the Trust, the Plaintiff herein, is the State of Arizona.

**GENERAL ALLEGATIONS**

8. On February 9, 2006, Steve Geppi, individually, on behalf of his marital community, and in his capacity as CEO of Diamond International Galleries,

LLC, contracted with Helen Hamilton, individually and as Personal Representative of the Estate of her late husband, Bruce Hamilton, to sell a valuable collection of items known as the Bruce Hamilton Collection. A true and accurate copy of the Purchase and Sale Agreement entered into between the parties is attached hereto as ***Exhibit 1***.

9. Thereafter, Helen Hamilton assigned all of her right, title, and interest in the Purchase and Sale Agreement to the Trust. A true and accurate copy of the Assignment of Purchase and Sale Agreement is attached hereto as ***Exhibit 2***.

10. The total due to be paid to Plaintiff by Defendants under the Purchase and Sale Agreement is Four Million Two Hundred Thousand Dollars ($4,200,000.00).

11. Defendants were obligated to pay the total amount due under the Purchase and Sale Agreement as follows: to Plaintiff the amount of Three Hundred Sixty Three Thousand dollars ($363,000.00) no later than January 31, 2006; Four Hundred Fifty Five Thousand Dollars ($455,000.00) to be paid directly to third party Jerry O'Hara; One Hundred Fifteen Thousand Dollars ($115,000.00) to be paid directly to third party Steve Calrow; and the balance of Three Million Two Hundred Sixty Seven Thousand Dollars ($3,267,000.00) to be paid in 120 consecutive non-interest bearing equal monthly payments to Plaintiff, beginning March 1, 2006 and to end by February 1, 2016 (**the installment payments**). The amount of each monthly installment payment due is Twenty Seven Thousand Two Hundred Twenty Five Dollars ($27,225.00).

12. In the event of default by Defendants, the Purchase and Sale Agreement provides that:

> if any payment to SELLER becomes late by 30 days for any reason whatsoever, SELLER has the right to demand immediate payment in full of the remaining balance; and that an incurred interest rate of 5% will be added to the unpaid balance, or portion of the unpaid balance until such time as the total unpaid balance by BUYER is paid

in full to SELLER.

13. Plaintiff satisfied all duties and obligations arising out of the Purchase and Sale Agreement.

14. Defendants made the first payment under the Purchase and Sale Agreement of $363,000 to Helen Hamilton on or about February 10, 2006.

15. Defendants then began making their monthly installment payments of $27,225 beginning on March 1, 2006 and continuing through February 1, 2007.

16. Defendants made a payment in the amount of $311,247.50 on or about May 22, 2008, which represented: Ten (10) delinquent monthly Installment payments for March 2007 through December 2007 at $27,225 per month; eight (8) delinquent monthly rental payments for May 2007 through December 2007 at $3,400 per month; and interest at 5% per annum on the delinquent installment payments ($113.4375 per payment per month) for 104 late monthly installment payments through December 2007, as set forth in a letter from Plaintiff to Defendant Steve Geppi dated June 2, 2008. A true and correct copy of said letter to Steve Geppi is attached hereto as *Exhibit 3.*

17. Defendants made a payment in the amount of $30,625 on or about July 24, 2008, which represented the installment and rental payments due January 1, 2008, and a payment in the amount of $30,625 on or about February 16, 2009, which represented the installment and rental payments due February 1, 2008.

18. Despite demand for payment, Defendants have failed to pay Plaintiff any additional sums due and owing pursuant to the Purchase and Sale Agreement.

19. In failing to pay Plaintiff monthly installment payments due and owing under the Purchase and Sale Agreement from March 2008 to the present, Defendants breached their contract with Plaintiff.

20. Because the default by Defendant has not been cured and more than

thirty days have passed, pursuant to the above cited acceleration clause, the entire amount of at least Two Million Six Hundred Thirteen Thousand Six Hundred Dollars ($2,613,600.00) is presently due and owing on the unpaid principal.

21. In addition, the Purchase and Sale Agreement calls for incurred interest on the unpaid balance of five percent (5%) from the time of default.

22. The amount due under the Purchase and Sale Agreement as of March 31, 2010, including accumulated interest, is at least Three Million Twenty-Six Thousand Three Hundred Ninety-Nine Dollars ($3,026,399.00).

23. As a direct result of the Defendants' breach of the Purchase and Sale Agreement, Plaintiff has been damaged in the amount of at least $3,026,399.00, together with interest at the rate of five percent (5%) per annum from March 31, 2010, until the entire amount due and owing from Defendants is paid in full.

24. Additionally, Defendants agreed to pay monthly rent of $3,400 for the use of a storage facility owned by Plaintiff.

25. Despite their agreement, Defendants have not paid the amount due and owing for rent from and after February 2008.

26. The amount of rent presently due and owing as of March 31, 2010 is $81,600, and this amount will continue to accrue at a rate of $3,400 per month.

27. Because this is a liquidated amount, Plaintiff is entitled to pre-judgment interest at the legal rate of 10% per annum on the entire unpaid balance until the date of judgment.

28. These contracts between Plaintiff and Defendants are valid obligations.

29. Defendants have breached their contracts with Plaintiff.

30. Plaintiff has been damaged by Defendants' breaches of the contracts.

31. Because this action arises out of contract, pursuant to A.R.S. § 12-341.01, and because there is an express attorneys' fees provision in the Purchase

and Sale Agreement, Plaintiff is entitled to recover its reasonable attorneys' fees, costs, and expenses.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendants as follows:

A.   For an award against Defendants in the amount of at least $3,026,399.00.

B.   For an award against Defendants in the amount of at least $81,600, and accruing at a rate of $3,400 per month after 3/31/2010.

C.   For pre-judgment interest at a rate of five percent (5%) from March 31, 2010, until the date of Judgment on the amount due and owing under the Purchase and Sale Agreement.

D.   For pre-judgment interest at a rate of ten percent (10%) from March 31, 2010, until the date of Judgment on the amount due and owing under the rental agreement;

E.   For post-judgment interest at the legal rate until the judgment is paid in full.

F.   For Plaintiff's reasonable attorneys' fees, but not less than $5,000.

G.   For Plaintiff's costs and expenses incurred herein.

H.   For such further relief the Court may deem just and proper.

Dated this 6th day of April, 2010.

BRAUN SILER KRUZEL PC

By /s/Kenneth J. Peace
Kenneth J. Peace, Esq.
Deborah W. Miller, Esq.
*Attorneys for Plaintiff*